UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LESLIE ROOT,

                Plaintiff,

vs.

CORNING COMMUNITY COLLEGE,

                Defendant.

DECISION and ORDER

17-CV-6498 CJS

_____

INTRODUCTION

Plaintiff Leslie Root, proceeding *pro se*,[1] commenced this action asserting claims for employment discrimination under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII), the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"). Now before the Court is Defendant's renewed motion to dismiss the Complaint for improper service. (Docket No. [#5]). The application is granted and this action is dismissed with prejudice.

FACTUAL BACKGROUND

The reader is presumed to be familiar with the Court's prior rulings in this action, which discuss the underlying facts of Plaintiff's claims. Briefly, Plaintiff was previously employed by Corning Community College. On or about May 11, 2016, Plaintiff filed an employment discrimination charge/complaint against the College with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC complaint alleged discrimination on the basis of disability and age, as well as retaliation. On April 25, 2017,

---

[1] Plaintiff is proceeding *pro se*, and the Court has therefore reviewed her papers "with special solicitude, mindful that they must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Cicio v. Wenderlich*, 714 F. App'x 96, 97 (2d Cir. Mar. 16, 2018) (citation and internal quotation marks omitted).

1

the EEOC issued Plaintiff a right-to-sue letter, which she received on April 27, 2017. On July 26, 2017, exactly ninety days after she received the right-to-sue letter, Plaintiff filed the instant action, proceeding *pro se.*

On February 20, 2018, the College filed a motion to dismiss, alleging *inter alia* that Plaintiff had never properly served the summons and complaint, and that her claims were therefore time barred. On that point, Defendant asserted that federal discrimination claims must be filed within ninety days after receipt of a right-to-sue letter, and that although Plaintiff filed this action on the ninetieth day, she failed to make service within ninety days thereafter as required by Fed. R. Civ. P. 4(m), causing the limitations period to begin running again, and making the action untimely.

On January 30, 2019, the Court issued a Decision and Order [#12] granting in part and denying in part the motion to dismiss. The Court dismissed all claims except Plaintiff's disability-discrimination claims under the ADA and NYHRL and her sexual harassment claim under the NYHRL. Further, the Court extended Plaintiff's time for service, stating:

> Pursuant to Fed.R.Civ.P. 4(m), Plaintiff's time for service is extended, *nunc pro tunc.* <u>The Clerk of the Court is directed to issue a new summons to Plaintiff. Within twenty one (21) days after receiving the summons, Plaintiff shall have the summons and a copy of the Complaint served on Defendant.</u> . . . Plaintiff shall file the process server's affidavit of service with the Clerk of the Court. Upon service of the Summons and Complaint, Defendant shall respond to the claims that have not been dismissed.

Decision and Order [#12] at pp. 29-30 (emphasis added).

On January 31, 2019, the Clerk of the Court made a docket entry [#13], indicating that a new summons had been issued and mailed to Plaintiff at the address she had

2

provided to the Court. Assuming that Plaintiff received the mailing three days later, the she was required to serve Defendant within twenty-one days thereafter, or February 24, 2019. It is undisputed, however, that Plaintiff never served the reissued summons.

Subsequently, by letter dated March 25, 2019, Defendant Corning Community College renewed its request to dismiss the remaining claims in this action, on the grounds that Plaintiff had failed to comply with the service deadline contained in the Decision and Order (Docket No. [#12]) issued on January 30, 2019, and Plaintiff's remaining claims are now barred by the applicable statute of limitations.

In response to this letter motion, on March 27, 2019, the Court issued a Motion Scheduling Order [#14], directing Plaintiff to respond. The following day, March 28, 2019, the Court received a telephone call from Plaintiff, who had received Defendant's letter motion, but apparently not the Court's Motion Scheduling Order. Plaintiff spoke with the Court's Judicial Assistant, and indicated that she had never received the newly-issued summons from the Clerk of the Court, despite what docket entry [#13] stated. Plaintiff further stated that when she had previously appeared in Court for oral argument of the motion to dismiss, on October 25, 2018, the Court had been rude to her, and "did not believe her." The Court's Judicial Assistant informed Plaintiff that she would need to put her response to Defendant's renewed motion to dismiss in writing, whereupon Plaintiff stated that she would be filing a complaint against the Court with "the ethics committee," and then hung up. The following day, the Court received an unsworn letter from Plaintiff, stating as follows: "Dear Judge Siragusa, As previously, I have not received a summons. You may recall the court mocked me for this same problem during the last hearing." The

3

"court" in this instance, of course, refers to the undersigned.

In response to these communications, the Court reviewed the audio recording of the appearance on October 25, 2018, at which Plaintiff was claiming the Court had been rude to her and had mocked her. The Court is now in receipt of a written transcript of that appearance, which is attached hereto as Exhibit A.

On April 4, 2019, the Court issued an Amended Motion Scheduling Order [#15], stating in pertinent part:

> Having listened carefully to th[e] recording [of the court appearance on October 25, 2018], the Court has no hesitancy in saying that Plaintiff's contentions, that the Court was "very rude to her," and that it "mocked" her, are both absolutely and demonstrably false. On the other hand, Plaintiff's treatment of the Court's assistant on March 29, 2019, and her subsequent letter to the Court, were both undeniably rude and inappropriate. The Court has no idea why Plaintiff acted in that manner. Regardless, if Plaintiff dares to call the Court's chambers and treat the Court's assistant rudely again, the Court will not hesitate to conduct a hearing and then impose sanctions, up to and including the dismissal of this action.
>
> Turning to the substance of Plaintiff's telephone call and letter, she is indicating that the Court should deny Defendant's renewed motion to dismiss, since she was unable to comply with the Court's direction regarding service of the summons and complaint, due to the fact that the Clerk's Office failed to send her a newly-issued summons. This assertion is inconsistent with the Court's official docket, which contains an entry on January 31, 2019, indicating that a new summons was issued. *See*, Docket No. [#13]. Additionally, the docket indicates that a notice of such issuance, and presumably a copy of the summons itself, was mailed to Plaintiff on the same day, January 31, 2019.
>
> Accordingly, it is hereby **ORDERED** that: 1. Plaintiff file and serve any response to Defendant's renewed motion to dismiss in writing on or before **April 19, 2019**; <u>in order to be considered by the Court, such response should include a statement by plaintiff, made under penalty of perjury, indicating whether she received *any correspondence* from the Court during February, 2019, and whether such correspondence, if any, contained a copy of a summons</u>; 2. Movants may file and

4

serve any reply on or before **April 30, 2019**; and 3. The Court will not hear oral argument and will issue a written decision at its earliest opportunity.

Amended Motion Scheduling Order [#15].

However, Plaintiff did not submit a response to Defendant's renewed motion to dismiss, nor did she otherwise contact the Court. Consequently, on May 1, 2019, the Court issued a further order [#19], indicating that it would hear oral argument on June 6, 2019, at 3:00 p.m. In that regard, although the Court had previously indicated in its Amended Motion Scheduling Order that it would *not* hear oral argument, the Court wanted to give Plaintiff an additional opportunity to explain orally, if possible, why she had not complied with such order. Significantly, though, the Court indicated in its Order scheduling oral argument that Plaintiff's failure to appear for oral argument could result in dismissal of the action with prejudice.

On June 6, 2019, at the appointed time, Defendant's counsel appeared for oral argument, but Plaintiff did not appear. Consequently, the Court placed a telephone call to Plaintiff, to ascertain why she was not in Court. A transcript of the call is attached hereto as Exhibit B. The entire conversation is transcribed as follows:

(WHEREUPON, courtroom deputy gets Ms. Root on overhead speaker phone.)

THE COURT: Ms. Root, are you there?

MS. ROOT: Yes, I am.

THE COURT: For the record, we are here in court. Present representing Corning Community College are Ms. McClung with whom you're familiar and Mr. Talerico. You were notified to be here on this date.

MS. ROOT: Okay, I'm going to cut you off now. I had surgery yesterday and I'm on medication. So, I'm not going to take this phone call. And I am hoping to write

>to have you recuse yourself. Thank you for the call.

>THE COURT: Are you still there, Ms. Root?

>(No response.)

In sum, Plaintiff's response to the Court's call consisted of threatening to file a motion for recusal and then hanging up the telephone.

The Court notes that Plaintiff never informed the Court that she would be unable to attend oral argument due to surgery, nor is the Court aware of any basis upon which she could make a legitimate motion for recusal. The Court further points out that if Plaintiff had indicated in a sworn writing that she never received the re-issued summons, the Court would have conducted a hearing on the matter. However, because Plaintiff has chosen not to respond to Defendant's renewed motion to dismiss as directed, and because she failed to appear for oral argument without adequate justification or excuse despite having been warned that her failure to appear could result in the dismissal of the action with prejudice,[2] the Court is granting defendant's unopposed renewed motion to dismiss. In that regard, Plaintiff failed to serve Defendant with a summons and complaint within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, as extended by the Court, and consequently the 90-day statute of limitations on her

---

[2] The Order [#19] warning Plaintiff that the action might be dismissed if she failed to appear was mailed to the address she provided to the Court, 1256 W. Church Street, Elmira New York 14905, and was not returned as undeliverable. That is the same address to which the Court sent Plaintiff notice of the oral argument held on October 25, 2015, at which she appeared. Indeed, the re-issued Summons [#13] is the only document in this action which Plaintiff claims she did not receive. (Plaintiff previously claimed that the Clerk's office was delayed in issuing the original summons, but she admits she received the summons when it was eventually issued and mailed to her).

remaining claims, which had been tolled, has now expired.

CONCLUSION

Defendant's renewed[3] motion [#5] to dismiss this action is granted and this action is dismissed with prejudice. The Clerk of the Court is directed to close this action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Rochester, New York  ENTER:
June 11, 2019

<span style="margin-left:50%">Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge</span>

---

[3] Defendant's motion to dismiss [#5], which was previously granted in part and denied in part, was renewed as to the claims which were not previously dismissed.